UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARTER and DIEGO ORNELAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUDE PRODUCTS, INC.,<br><br>Defendant. | Case No.: 25-cv-663-RSH-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[ECF No. 14] |

Pending before this Court is a motion by defendant Dude Products, Inc. to dismiss the complaint of plaintiffs Benjamin Karter and Diego Ornelas. ECF No. 14. As set forth below, the motion is granted.

**I.      BACKGROUND**

Plaintiffs filed this putative class action lawsuit on March 20, 2025. ECF No. 1 ("Compl."). The Complaint alleges as follows.

Defendant manufactures and distributes "personal care products, specifically wet wipes and related items" through a variety of channels including its own website and third-party vendors. Compl. ¶ 16. Defendant advertised these products as "'Assembled in USA,'

1

(or other synonymous U.S. origin phrase) next to a picture of the United States flag either on the Principal Display Panel ('PDP') or another prominent and conspicuous location on the product label." *Id.* ¶ 5. Additionally, Defendant "represented its products as 'USA-made' on its website until at least October 2024." *Id.* However, Defendant's products are "made using ingredients and components that are neither domestically grown, sourced, nor produced." *Id.* ¶ 45.

On December 16, 2022, plaintiff Karter searched for personal hygiene products online and found Defendant's Fragrance-Free Wipes (48 count). *Id.* ¶¶ 67-68. "The product's PDP featured an 'Assembled in USA' claim alongside a full-color icon of the United States flag, without any qualification, despite the product being made with foreign ingredients and components." *Id.* ¶ 68. Karter, relying on the "Assembled in USA" representation, purchased the product from Amazon for approximately $3.99. *Id.* ¶ 69. Several months later, still relying on this representation, Karter made two other purchases at the same price. *Id.* at ¶ 70.

On May 23, 2024, plaintiff Ornelas searched for wet wipe products and "discovered Defendant's Mint Chill Wet Wipes on Target.com, where he viewed images of the product's packaging." *Id.* ¶ 100. The packaging contained an "Assembled in USA" claim next to a full-color image of the American flag. *Id.* ¶ 101. Relying on this claim, Ornelas purchased a three-pack of the product for $9.99. *Id.* ¶ 102.

If not for the "Assembled in U.S.A." claim, Karter would not have purchased Defendant's product. *Id.* ¶¶ 76-77. Similarly, Ornelas "would not have purchased the products had he known that the products were made with foreign-sourced ingredients or components." *Id.* ¶ 106.

The Complaint brings claims for: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); (4) breach of express

warranty; (5) unjust enrichment; (6) negligent misrepresentation; and (7) intentional misrepresentation. In connection with each of these claims, the Complaint alleges that Defendant's product representations were false and/or deceptive.

Plaintiffs seek to represent the following class:

> All persons in California who purchased one or more of the Class Products [i.e., Defendant's products containing representations similar to those mentioned above], within four years prior to the filing of this Complaint, that were marketed or represented as being of U.S. origin, without qualification, or any derivative thereof on the product or in its marketing materials, but which contained ingredients or components not grown, sourced or manufactured in the USA.

Compl. ¶ 90. Plaintiffs seek damages and injunctive relief.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is

1  plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

For claims alleging "fraud or mistake," a heightened pleading standard applies. Federal Rule of Civil Procedure 9(b) requires a party "alleging fraud or mistake [to] state with particularity the circumstances constituting fraud or mistake." Rule 9(b) "requires ... an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). A pleading must also identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020), (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)). *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (citation and internal quotation marks omitted).

### III. ANALYSIS

#### A. Statutory Claims (Claims One through Three)

Claims under the UCL, FAL, and CLRA "are governed by the 'reasonable consumer' test." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). Under this test, a plaintiff must show that the members of the public are likely to be deceived. *Id.* The California Supreme Court has explained that "these laws prohibit 'not only advertising which is false, but also

advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002) (quoting *Leoni v. State Bar*, 39 Cal.3d 609, 626 (1985)). Whether a business practice is deceptive will usually be a question of fact not appropriate for resolution on a motion to dismiss. *Williams*, 552 F.3d at 938. However, even accepting as true the allegations and reasonable inferences drawn therefrom, in some cases courts have determined that a plaintiff failed as a matter of pleading to satisfy the "reasonable consumer" standard. *See, e.g.*, *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) ("When considering the term in its proper context, no reasonable consumer would assume that Diet Dr Pepper's use of the term 'diet' promises weight loss or management.").

Defendant argues that the Complaint fails to allege deceptive conduct that satisfies the "reasonable consumer" test, because a reasonable consumer is unlikely to be deceived into believing that the words "Assembled in USA" means—taking language from the Complaint—"made using ingredients and components that are … domestically grown, sourced, []or produced." Compl. ¶ 45.[1] The Court agrees. Merriam-Webster defines "assemble" as "to fit together the parts of." *Assemble*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/assembled (last visited Sept., 29, 2025). A statement about the location in which parts are fit together is not a statement about the origin of those parts. Indeed, a statement that a product was "assembled" in the United States is reasonably construed as a deliberate limitation or qualification relative to the far more familiar claim that a product is "made in the U.S.A." The word choice of

---

[1] Plaintiffs' allegations that "Assembled in USA" is false and/or deceptive underly Plaintiff's UCL theories under the "unlawful," "unfair," and "fraudulent" prongs of the statute. *See* Compl. ¶¶ 125-65.

"assembled," while technically agnostic as to the origin of the parts or ingredients, implies that at least some of those parts are *not* from the United States.[2]

The distinction between "made" and "assembled" is consistent with the guidance from the Federal Trade Commission cited by both Parties. The FTC states that a product may be marketed as "Made in the United States" only when "the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States." 16 C.F.R. § 323.2. In contrast, "[w]here a product is not all or virtually all made in the United States, any claim of U.S. origin should be adequately qualified to avoid consumer deception about the presence or amount of foreign content." Enforcement Policy Statement on U.S. Origin Claims, 62 Fed. Reg. 63756-01 (Dec. 2, 1997). In addressing the claim "Assembled in USA," the FTC concluded that "'assembled' has a common meaning sufficiently distinct from 'made' so that in many instances it will be appropriate for marketers to promote a product as 'Assembled in USA' without further qualification." *Id.* The FTC's most recent guidance likewise treats "Assembled in USA" as a "qualified" claim distinct from the unqualified "Made in USA" claim. *See* FTC, *Complying with the Made in USA Standard* (July 2, 2024), available at https://www.ftc.gov/business-guidance/resources/complying-made-usa-standard.

Plaintiffs contend that several additional facts further render the "Assembled in USA" claim deceptive. ECF No. 15 at 7. First, the Complaint alleges that the "Assembled in USA" claim was featured next to a full-color image of an American flag. Compl. ¶¶ 5, 6, 40, 50, 51, 55, 68, 101. As depicted in the Complaint, the flag image appears slightly

---

[2] By way of analogy, a claim that a piece of jewelry is "gold plated" does not simply fail to assert that the jewelry is composed of gold throughout; it implies that the jewelry it is *not* wholly composed of gold, but is *only* gold plated.

1 | wider and slightly shorter than the block of text stating "Assembled in USA." *Id.* ¶¶ 6, 51, 55. Additionally, the font size of "Assembled in" is lesser than the font size of "USA." *Id.* The Complaint includes the following image:



*Id.* ¶ 6. Plaintiffs argue, "[w]hen presented alongside the American flag, this selective emphasis further reenforces the product's purported U.S. origin and thus misleads consumers." ECF No. 15 at 9. The Court disagrees. Although the flag is clearly associated with the accompanying words "USA," the presence of the flag in context does nothing to change the qualified nature of the claim.

In a recent decision, a district court in the Central District of California rejected a similar argument, where the plaintiff alleged that the "Brewed in USA" claim on the label of the defendant's tea would cause a reasonable consumer to believe that the drink was made using domestically sourced ingredients. *See Daldalian v. PepsiCo, Inc.*, No. 2:25-cv-1491-WLH-E, 2025 U.S. Dist. LEXIS 172802 (C.D. Cal. Sept. 3, 2024). The plaintiffs in that case alleged that the "unmistakable and prominent iconography of the U.S. flag placed immediately above the 'Brewed in the USA' claim" resulted in a deceptive claim. *Id.* at *2. The district court disagreed, determining that no reasonable consumer would view the iconography of the flag "as altering the plain language of the phrase," and granting the defendant's motion to dismiss for failure to state a claim. *Id.* at *9. The same analysis applies to the words and image here.

Second, Plaintiffs point out that the Complaint also alleges that "Defendant represented its products as 'USA-Made' on its website until at least October 2024." Compl. ¶ 5. Although the Complaint does so allege, Plaintiffs do not allege that either of them saw or relied on this representation. The Court therefore declines to consider this allegation in

determining the sufficiency of Plaintiffs' separate allegation that the "Assembled in USA" claim, on which they relied, is misleading.

Third, Plaintiffs argue in their brief that, "[a]dditionally, the back of these products reference[s] Defendant's headquarters in Chicago, IL, positioned directly next to the U.S. origin claims." ECF No. 15 at 9. This factual allegation is not pleaded in the Complaint and the Court declines to consider it.

The Court concludes that Plaintiffs have failed to allege facts that plausibly establish false or deceptive conduct by Defendant that satisfies the "reasonable consumer" test. These claims are subject to dismissal.[3]

### B.   Breach of Warranty (Claim Four)

To plead a claim for breach of express warranty under California law, a plaintiff must allege the "exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (Ct. App. 1986); *see also* Cal. Com. Code § 2313. Here, Plaintiffs' breach of warranty claim depends on the theory that "Defendant's statements … constitute an express warranty regarding the products' U.S. origin, including their ingredients," that Plaintiffs relied on this warranty, that Defendant "breached its express warranties because the Class Products contained foreign-sourced ingredients and components," and that Plaintiffs were harmed as a result. Compl. ¶¶ 177-79. For the reasons discussed above, Plaintiffs have not plausibly pleaded that the "Assembled in USA" claim upon which they relied indeed constitutes a warranty that Defendants' products contain no foreign-sourced ingredients or components. Plaintiffs' breach of warranty claim is thus also subject to dismissal.

---

[3]   In light of this conclusion, the Court declines to address Defendant's argument that Plaintiffs were required to and failed to plead facts establishing that Defendant's conduct was outside the statutory safe harbor contained in Cal. Bus. & Prof. Code § 17533.7.

### C.     Unjust Enrichment (Claim Five)

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v Hain Celestial Gp.*, 783 F.3d 753, 762 (9th Cir. 2015). "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (Ct. App. 2014)). To bring such a claim, "a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (Ct. App. 2000)). Plaintiffs' theory of unjust enrichment here is another iteration of their allegation that Defendant deceived them. ECF No. 15 at 14 ("As Plaintiffs have explained, Defendant made deceptive misrepresentation on its product packaging, luring individuals to purchase the product without proper information."). For the reasons stated above, Plaintiffs have failed to adequately allege deceptive conduct, and their unjust enrichment claim is subject to dismissal.

### D.     Negligent and Intentional Misrepresentation (Claims Six and Seven)

Under California law, to state a claim for intentional misrepresentation, a plaintiff must establish "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). In contrast, a claim for negligent misrepresentation "does not require scienter or intent to defraud." *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003). Instead, the plaintiff must establish that the defendant made the misrepresentation without "reasonable ground for believing it to be true." *Id.* at 174 (quoting Cal. Civ. Code § 1710(2)). Here, Plaintiffs have not adequately alleged that the "Assembled in USA" clam is misleading, much less that it is false. Their common law claims for negligent and intentional misrepresentation are likewise subject to dismissal.

### E. Leave to Amend

Plaintiffs request leave to amend their pleading in the event the Court grants Defendant's motion to dismiss. ECF No. 15 at 14. Defendant has not opposed the request. The Court therefore grants Plaintiffs leave to file an amended pleading.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 14] is **GRANTED**. Plaintiffs shall file an amended complaint, accompanied by a redline as required by CivLR 15.1(c), within **fourteen (14) days** of the date of this order. If Plaintiffs fail to timely file an amended pleading, the action will be dismissed.

**IT IS SO ORDERED.**

Dated: October 1, 2025

Hon. Robert S. Huie
United States District Judge

---

[4] Defendant's motion further argues that (1) Plaintiffs lack standing to seek injunctive relief, and (2) Plaintiffs are not entitled to equitable relief because they allege an adequate remedy at law. Determining that the Complaint has failed to state a claim which would entitle Plaintiffs to any remedy, the Court declines to reach these arguments.